UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JORGE A. MORANDO,** | ) | CASE NO.1:12CV1264 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **PYROTEK, INC.** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon Defendant's Motion to Dismiss (ECF DKT #5) pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7). Upon consideration of the Motion, Response, Exhibits, and applicable law, the Court DISMISSES Count I of Plaintiff's claim with respect to U.S. Patent No. 7,234,869, but DENIES Defendant's Motion to Dismiss with respect to the remainder of Count I and the entirety of Count II

**I. BACKGROUND**

Plaintiff, Jorge A. Morando, is a resident of Solon, Ohio.  ECF DKT #1-3, at 2. Defendant, Pyrotek Inc. (hereinafter "Pyrotek"), is a corporation under the state laws of

Washington, but operates an office and regularly carries out business in Solon, Ohio via its Metaullics Systems Division (hereinafter "Metaullics").  *Id.*  Review of the agreements at issue imply, but never state, that Metaullics existed as an independent corporation (Metaullics Systems Co., L.P.) under the state laws of Delaware until about March 8, 2005, when it was acquired by Pyrotek.  *See* ECF DKT #5-4 at 2.  Over the course of at least eight years (1997-2005), Plaintiff developed and patented a number of technologies and designs related to alloys, ceramics, and self-aligning bearings.  Plaintiff did much of this work as an employee of Alphatech, Inc. (hereinafter "Alphatech"), a corporation under the state laws of Michigan.  Plaintiff, however, alleges that he has not been a shareholder or executive of Alphatech since 2001 and cut all ties with Alphatech as of February 2005.  ECF DKT #6, at 7.

On January 29, 1997, Plaintiff entered into a "Patent and Technology License" agreement (hereinafter "Original License") with Metaullics and Alphatech, which provided Metaullics the right to use proprietary technology developed by Plaintiff and Alphatech in exchange for certain royalties.  *See* ECF DKT #5-2.  On February 19, 1997, Plaintiff and Metaullics entered into a "Consulting and Non-Competition Agreement" (hereinafter "Consulting Agreement").  *See* ECF DKT #5-5.  On January 1, 2000, Plaintiff entered into an "Amended and Restated Patent and Technology License" (hereinafter "Restated License") with Metaullics and Alphatech, which restated the Original License in its entirety, and further incorporated Sections 6-9 and 11 of the Consulting Agreement.  *See* ECF DKT #5-3.  Finally, on March 10, 2005, Plaintiff signed a letter (dated March 8, 2005) (hereinafter "Supplemental License"), which supplemented the Restated License and confirmed the assignment of the previous rights of Metaullics Co., L.P., to the Metaullics Systems Division of Pyrotek.

Plaintiff filed an initial Complaint in the Cuyahoga Court of Common Pleas on October 27, 2011, alleging two causes of action: 1) Breach of Contract, claiming that Defendant failed to properly pay royalties on licensed technology; and 2) Declaratory Judgment, seeking payment of royalties and access to Defendant's business records to determine the proper royalties. *See* ECF DKT #1-1. On May 15, 2012, Plaintiff filed an Amended Complaint seeking Declaratory Judgment on two counts: 1) Plaintiff is the sole owner of U.S. Patent Nos. 7,234,869, 7,326,028, 7,896,617, and 8,033,792 (hereinafter "Morando Patents") and that Defendant does not have any right, license or other interests in the patents; and 2) Compensatory damages for unpaid patent prosecution and issuance fees in light of Defendant's alleged breach of contract. *See* ECF DKT #1-3. On May 18, 2012, Defendant motioned to remove the case to this Federal District Court for the Northern District of Ohio. *See* ECF DKT #1. On June 1, 2012, Defendant filed a Motion to Dismiss pursuant Fed. R. Civ. P. 12(b)(6) and 12(b)(7). ECF DKT #5. Plaintiff opposed and Defendant replied on July 2, 2012 and July 19, 2012, respectively. ECF DKT #6 and 7. This analysis follows.

## II. LEGAL STANDARDS

**A. Civil Rule 12(b)(6) Standard**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned,

3

> the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**B. Civil Rule 12(b)(7) Standard**

When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7), the Sixth Circuit applies a three-part test. *Keweenaw Bay Indian Cmty v. Michigan*, 11 F.3d 1341, 1345-46 (6th Cir. 1993). First, the court must "determine whether a person is necessary to the

4

action and should be joined if possible." *Id.* at 1345. Pursuant to Fed. R. Civ. P. 19(a)(1),

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

If a party falls under one of the Rule 19(a)(1) provisions, the court next considers the issue of personal jurisdiction. *Keweenaw Bay Indian Cmty*, 11 F.3d 1345. If personal jurisdiction is present, the court must join the party. *Id.* However, if no personal jurisdiction exists, the court must weigh the four factors provided by Fed. R. Civ. P. 19(b) to determine whether the action should proceed or be dismissed. *Id.* at 1345-46. The Rule 19(b) factors include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

As a final note, "[t]he rule is not to be applied in a rigid manner but should instead be governed by the practicalities of the individual case . . . . [S]imply because some forms of relief might not be available due to the absence of certain parties, the entire suit should not be dismissed if meaningful relief can still be accorded." *Keweenaw Bay Indian Cmty*, 11 F.3d at 1346.

**C. Declaratory Judgment Standard**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The question when reviewing suits seeking declaratory judgment is "whether there is an 'actual controversy' within the meaning of the Declaratory Judgment Act." *Maryland Gas Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272 (1941). An actual controversy arises when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 273.

### III. ANALYSIS

**A. Does Plaintiff's Complaint Withstand Rule 12(b)(6)?**

Defendant interweaves a number of arguments into its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The crux of these arguments is that Plaintiff "falls far short of the standards set forth in *Twombly* and *Iqbal*" because Plaintiff's Amended Complaint "is both built on conclusory statements of law and flatly contradictory to the plain language of the parties' license agreements." ECF DKT #5, at 16.

Regarding Count I, Defendant asserts that the count is "wholly devoid of factual allegations supporting an actual controversy regarding the Morando Patents." ECF DKT #5, at 18. Rather, Defendant argues, Plaintiff's Complaint contains "conclusions of law that are squarely contradicted by Morando's own licenses and assignments." *Id.* Count I presents a

6

unique pleading situation in that Plaintiff seeks Declaratory Judgment regarding his ownership of patents. According to *Iqbal* and *Twombly*, the complaint must set forth a factually supported claim of relief that is plausible on its face. However, how should a Plaintiff factually support ownership of intellectual property that is neither tangible nor based on a set of legal elements as is the case with most claims? *Iqbal* and *Twombly* become difficult to apply in this context. In the present case, Plaintiff alleges that he was issued specifically identified U.S. patents. ECF DKT #1-3 at 2. When taken in the light most favorable to the Plaintiff, this statement alone sets forth the plausible assertion that Plaintiff is the rightful and sole owner absent any facts to the contrary that can be reviewed by the Court on a motion to dismiss. The issuance of patents by the United States Patent and Trademark Office (USPTO) to an individual is per se evidence of that individual's ownership. This leads to Defendant's second argument regarding Count I.

Defendant next argues that the Morando Patents were assigned to Alphatech. Defendant incorporates United States Patent No. 7,234,869 into its Brief. ECF DKT #5, at 7. This patent is also explicitly included in Count I of Plaintiff's Amended Complaint. ECF DKT #1-3, at 2. The Patent, as issued, clearly indicates that the assignee is Alphatech, Inc. Plaintiff presents no argument to the contrary. A further search of the USPTO's assignment database indicates Alphatech is still the assignee of this patent, and that the assignment was recorded on March 15, 2006.[1] In light of Plaintiff's assignment of rights to Alphatech,

---

[1] "In ruling on a motion to dismiss, a court may consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice." *Smith v. Bd. of Trustees Lakeland Comm. College*, F.Supp.2d

Plaintiff cannot be the rightful and sole owner of this patent. Therefore, Count I is dismissed with respect to U.S. Patent No. 7,234,869.

Regarding Count II, Defendant argues that Plaintiff's Complaint fails to allege the elements of a breach of contract claim. ECF DKT #5, at 21. Although ultimately seeking declaratory judgment, Count II of Plaintiff's Complaint is based on a breach of contract argument. Therefore, the elements for that claim must be properly pled to withstand Defendant's Motion to Dismiss under 12(b)(6). A breach of contract claim requires a plaintiff to show: 1) that a contract existed; 2) the plaintiff performed his obligations under the contract; 3) the defendant breached the contract; and 4) the plaintiff suffered damages. *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006). Defendant argues Plaintiff failed to plead the second element:

> Count II alleges only that Pyrotek had a contractual obligation under the Supplemental License and that it failed to perform that obligation. Nowhere in the Complaint does Morando claim that he performed under Supplemental License. Nor can it be ascertained how Pyrotek failed to perform or if Morando was indeed damaged.

ECF DKT #5, at 21.

Plaintiff, however, need not explicitly recite each element of the cause of action. *Iqbal* and *Twombly* merely require a complaint to set forth a factually supported claim of relief that is plausible on its face. Here, the alleged facts imply that Plaintiff satisfied his obligation with respect to the contract by alleging that Plaintiff incurred administrative and attorney's fees while prosecuting patents and that Defendant failed to pay those fees as required by the

---

877, 889 (N.D. Ohio 2010). U.S. Patent No. 7,234,869 and its assignment record meet these requirements. Therefore, these documents may be examined by the Court regarding Defendant's Motion to Dismiss.

agreements. ECF DKT #1-4, at 4. These facts could not be possible without Plaintiff performing his obligations. Defendant is clearly aware of the factual basis for the claim as evidenced by its extensive arguments in both of their Briefs. Furthermore, Plaintiff need not allege how Defendant failed or that Plaintiff was in fact damaged. Rather, Plaintiff must only allege that these facts, when taken in the light most favorable to him, are true. Plaintiff's Complaint satisfies this burden. Therefore, Defendant's argument is without merit.

Defendant next argues, with respect to both Count I and Count II, that the agreements between Plaintiff and Defendant on their face indicate that Defendant is the owner. This argument is also without merit. ECF DKT #5, at 18-20, 22-23. There have been at least four agreements between Plaintiff and Defendant since 1997. Each of these agreements incorporates by reference various portions of previous agreement and continually alters definitions of key terms. There is also significant disagreement between the parties as to the interpretation of the contractual language, as indicated in their respective Briefs. In light of these variations, it is not possible to say that the agreements on their face indicate who is or is not the rightful owner, or whether Defendant did not breach the contract. Proper interpretation of the contract will require factual and legal findings not appropriate for a motion to dismiss.

Finally, with respect to the declaratory judgment standard, Defendant argues that neither Count I nor Count II of Plaintiff's Complaint "allege any immediacy or reality that would warrant a declaratory judgment." ECF DKT #5, at 20. It is clear from Plaintiff's Complaint that the alleged facts illustrate an actual controversy. Plaintiff's request for monetary damages is substantial enough to be considered of sufficient immediacy and reality

to warrant the issuance of a declaratory judgment.  Accordingly, Defendant's argument is without merit.

In sum, the Court denies Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), but grants the Motion as to U.S. Patent No.7,234,869 under Count I.

**B. Is Joinder of Alphatech Required Under Rules 12(b)(7) and 19?**

In addition to 12(b)(6), Defendant also motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Rule 19.  As outlined above, when deciding a motion to dismiss under 12(b)(7), the Court follows a three-part test.  First, the Court must "determine whether a person is necessary to the action and should be joined if possible."  *Keweenaw Bay Indian Cmty*, 11 F.3d at 1345.  Defendant argues that Alphatech is a necessary party under Rule 19 because "Alphatech's absence [will] deprive the Court of the ability to accord complete relief [and] disposing of this matter without Alphatech will subject Pyrotek to a substantial risk of duplicate claims and inconsistent results."  ECF DKT #5, at 24.  Count I deals solely with Plaintiff's ownership, and because it is dismissed with respect to the patent assigned to Alphatech, Alphatech's joinder is wholly unnecessary.  The Breach of Contract claim of Count II deals solely with Defendant's alleged breach with respect to Plaintiff, not Alphatech.  Although any potential claim brought by Alphatech may be similar in nature, no such claim appears imminent, nor would it be dependent on Plaintiff's present claim.  Therefore, the Court denies Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(7).

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES Count I with respect to U.S. Patent

No. 7,234,869, but DENIES Defendant's Motion to Dismiss with respect to the remainder of Count I and the entirety of Count II.

    IT IS SO ORDERED.

                                                    s/ Christopher A. Boyko
                                                    CHRISTOPHER A. BOYKO
                                                    United States District Judge

Dated: March 11, 2013